IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | COMPLAINT |
| TBC CORPORATION D/B/A CARROLL TIRE COMPANY, LLC,: | | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Terilyn Holliday ("Holliday"), who was adversely affected by such practices. The Commission alleges that Defendant failed to promote Ms. Holliday to Branch Manager and then terminated Ms. Holliday from her position as a Warehouse Assistant Manager because of her sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, TBC Corporation d/b/a Carroll Tire Company, LLC ("Defendant") has continuously been doing business in the State of Georgia and the City of Grovetown and has continuously had at least 15 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, Ms. Holliday filed her charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least late 2006, Defendant has engaged in unlawful employment practices at its Grovetown, Georgia, facility in violation of Section 706(f)(1) and (3) of Title VII by failing to promote and then terminating Ms. Holliday because of her sex, female, in violation of Title VII.  *See* 42 U.S.C. § 2000e-5(f)(1) and (3).

8.     On or about January 19, 1999, Ms. Holliday was hired by Defendant as a Customer Service Representative.  On February 9, 2004, she was promoted to an Office/Operations Clerk.   On February 21, 2005, she was promoted to Warehouse Assistant Manager.

9.     As the Warehouse Assistant Manager at the Carroll branch, Ms. Holliday reported to Cliff Watts ("Watts"), Defendant's Branch Manager.  Ms. Holliday's duties included:  assisting the Branch Manager, inputting merchandise in the computer system, maintaining inventory control, fulfilling human resource responsibilities, and handling bank deposits.  An assistant manager has virtually

the same responsibilities as does a manager, so that an assistant manager can stand in for a manager in his absence.

10.    On November 28, 2005, approximately nine months after her promotion to Assistant Manager, Watts completed Ms. Holliday's only official performance evaluation as an Assistant Manager.  Ms. Holliday received eight "satisfactory" ratings and six "outstanding" ratings, with an overall rating of "Meets Some but not all Performance Measures."    Watts' comments on the performance evaluation read:    "Overall, good employee."    Watts considered Holliday to be an "excellent" employee with whom he had no problems.

11.    In 2006 Jim McCullough ("McCullough") became Regional Manager and Watts' direct supervisor.

12.    In late 2006 or early 2007, McCullough told Watts that "[Holliday] did not need to be an Assistant Manager... [t]o get rid of her because she was a woman and did not need to be a manager."

13.    After Watts' resignation in February 2007, Ms. Holliday served as "active manager" from mid February 2007 to April 1, 2007.  During this time, Ms. Holliday's duties involved conducting an inventory, maintaining the business, and meeting budget for February and March.

14.    On April 1, 2007, James Spivey ("Spivey") took the position of

4

Manager.    In mid-August 2007, when Spivey was offered a position in the corporate office, Ms. Holliday called McCullough to ask for a promotion to the position of Branch Manager.    McCullough denied Ms. Holliday's request for a promotion.

15.    On September 4, 2007, in lieu of selecting Ms. Holliday, Richard Ramirez ("Ramirez") was promoted to Branch Manager and transferred from Albany, GA to Grovetown, GA.  As a result he became Ms. Holliday's immediate supervisor.

16.    Ramirez knew very little about the Carroll branch, which required Ms. Holliday to teach him how to enter an order for a customer, or enter a transfer to another branch of the company.

17.    Ramirez ignored Ms. Holliday, and refused to communicate with her or acknowledge her as the Assistant Manager.  On one occasion when she tried to communicate with him, he merely shut the door in her face.

18.    Ms. Holliday was discharged by Defendant on November 27, 2007, ending her eight year, ten month tenure with the Company.  McCullough made the final decision regarding Ms. Holliday's discharge.

19.    Prior to her termination, Ms. Holliday never received any written or verbal counseling or discipline, as outlined in Respondent's progressive discipline

policy.

20.    The termination of Ms. Holliday was based on her sex, female.

21.    The effects of the practices complained of in paragraphs 7-20 above have been to deprive Ms. Holliday of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

22.    The unlawful employment practices complained of in paragraphs 7-20 above were intentional.

23.    The unlawful employment practices complained of in paragraphs 7-20 above were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Holliday.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make whole Ms. Holliday, who was adversely

6

affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.      Order Defendant to make Ms. Holliday whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.      Order Defendant to make Ms. Holliday whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Ms. Holliday punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper.

H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

7/28/2010
Date

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Chandra C. Davis
Trial Attorney
Georgia Bar No. 141801
chandra.davis@eeoc.gov

U.S. Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6825

8